DANAHY, Chief Judge.
The wife challenges that part of a final judgment of dissolution of marriage which awarded to the husband the primary residential responsibility for the parties’ 4-year-old son.
*522 The wife argues that she had been the child’s primary parent and that there was no evidence before the trial judge to support a finding that the wife should not continue to be the child’s primary parent. However, we find the evidence in conflict on the issue whether the best interests of the child would be better served with the father or with the mother as primary residential parent. There is competent, substantial evidence to support the decision of the trial judge in placing that responsibility upon the father. In assessing the decision of the trial judge, we find this comment by our supreme court many years ago to be particularly pertinent:
[I]n a child custody case, the opportunity of the [trial judge] to observe the demeanor and personalities of the parties and their witnesses and to feel forces, powers and influences that cannot be discerned by merely reading the record, assumes a new importance because of the many intangibles that must be evaluated in deciding the delicate question of child custody.
Grant v. Corbitt, 95 So.2d 25, 28 (Fla.1957).
Affirmed.
RYDER and LEHAN, JJ., concur.