# GORE v GORE

## Case No. 87-1339-FR-01

Nineteenth Judicial Circuit, St. Lucie County

October 13, 1988

### APPEARANCES OF COUNSEL

**Jacqueline L. Russakis,** for husband.

**William E. Raikes, III,** for wife.

### OPINION OF THE COURT

JOHN E. FENNELLY, Circuit Judge.

### *FINAL JUDGMENT DISSOLUTION OF MARRIAGE*

Albert and Roxie Gore were married on April 20, 1983, in Melbourne, Florida. There was one child, John, born to this marriage. He is four years old. At the time of the final hearing, Mr. Gore was sixty-six years of age; his wife is thirty-one.

Their marriage was punctuated with frequent separation, incessant drinking and serious violence. Fortunately, none was directed at the child.

Mr. Gore, a retired Air Force member, is unemployed but draws Air Force retirement and social security. He admits to long standing abuse of alcohol but maintains that he is making progress and periodically

attends AA. He resided in the marital residence prior to this marriage and has resided at his present address for twenty-two years. He expresses great interest in the child and evidences a sincere desire to provide a home for John. He appears in good health. His daughter from a previous marriage also resides in the area and it appears that her teenage sons spends considerable time at Mr. Gore's home. It appears to the Court that Barbara Yates lives in the home and is a full time housekeeper. The credible evidence in this case leads inexorably to the conclusion that during the course of this brief, acrimonious and often violent marriage, Mr. Gore provided complete support for his wife, the child and himself.

Mrs. Gore, as indicated, is 31 years of age and has a total of four children. Three of her children have been removed from her care by Social Service Agencies in Florida, North Carolina and Tennessee. Mrs. Gore has exhibited no stable residence or employment history and has resided in North Carolina, South Carolina, Florida and Tennessee for brief periods. The Court observed her demeanor, responses and emotional condition during the hearing. She is a troubled woman who has suffered lasting emotional scars. The Court is deeply concerned that Mrs. Gore would be willing to comply with any orders this Court might enter that she did not agree with. This is evidenced by her willful defiance of previous orders in other cases and by her courtroom testimony that clearly indicated that she would remove the child from Florida "anytime she had the chance." She further indicated that she would use "legal means if possible" but failing that "the best way I can."

Based on the evidence, the Court finds that Mrs. Gore would therefore not be more likely to allow frequent and continuing contact with the child if awarded primary residence. The Court finds that Mr. Gore has a greater present capacity to provide the child with physical and other care; and would provide a more stable home and has done so pending this hearing.

The Court has carefully considered the moral fitness, mental health and physical capacity of both parties and is cognizant that the facts in this case present an agonizing dilemma. However, the Court is convinced that at the present time, the Husband should be awarded primary responsibility for the child. (See *Dries v Dries*, 508 So.2d 521 (Fla. 2d DCA 1987)).

Mindful of the admonition of Judge Glickstein in *Yurgel v Yurgel*, 12 F.L.W. 1046 (Fla. 4th DCA, April 15, 1987), the Court has been

unable to obtain ad litem representation for the child. The present order seems, given the lack of viable alternatives, the course that must be followed. *(Kershner v Crocker,* 400 So.2d 126 at 127 (Fla. 5th DCA 1981)).

Turning to the Wife's demand for alimony, equitable distribution and ownership in a vehicle as either lump sum alimony or equitable distribution the Court finds:

1. Based on the evidence, the marital home is not a marital asset subject to equitable distribution. *(Canakaris v Canakaris,* 382 So.2d 1197 (Fla. 1980)).

2. The Court further finds no evidence to support any passive increase in the nonmarital dwelling that would justify a monetary award. *(Wright v Wright* 12 F.L.W. 1089 (Fla. 5th DCA 1987)).

3. Due to the short duration and previously mentioned evidence, an award of alimony would not be justified.

4. The Husband's retirement and social security were vested and being paid prior to marriage and are not marital assets. *(Diffenderfer v Diffenderfer,* 491 So.2d 265 (Fla. 1986)).

The Court will award attorney fees to the Wife and retains jurisdiction for such purpose.

Turning to the question of visitation, the Court requests that the parties submit proposals for *supervised* visitation by the mother to take place only in the State of Florida. *(Phelps v Phelps,* 13 F.L.W. 588).

Finally, as a concomitant condition, the Court directs as an incident of this order that the Father shall forthwith enroll and submit to alcohol abuse counseling as available from HRS. Furthermore, the Husband shall on a monthly basis cause or caused to be filed with the Court evidence of such treatment or counseling.

The Court therefore finally:

1. finds the marriage to be irretrievably broken and dissolves said marriage.

2. enters a mutual restraining order with regard to each party.

3. retains jurisdiction to enforce this Order and Judgment and for other appropriate and lawful relief.

DONE AND ORDERED at Fort Pierce, St. Lucie County, Florida, this 13th day of October, 1988.